UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 3:07-cr-233-J-33HTS

SYLVESTER WARREN, III
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Sylvester Warren, III's Motion to Take Judicial Notice (Doc. # 297), which was filed on December 31, 2008.

I.  **Motion for Judicial Notice**

Defendant seeks an order of this Court taking judicial notice, pursuant to Federal Rule of Evidence 201, of the testimony contained in a digital recording of an evidentiary hearing held in state court on October 17, 2006, in a case styled as State of Florida v. Sylvester Warren, Case No. 2006-815-CF.  In connection with the motion for judicial notice, Defendant has submitted to this Court (1) a surveillance video of a shooting; and (2) a digital recording of the evidentiary hearing described above.  For the reasons that follow, this Court denies Defendant's motion.

Defendant's vague, one-paragraph motion requests judicial notice, but Defendant does not describe why the materials --

particularly the testimony at the evidentiary hearing -- are relevant to the sentencing proceedings set to take place in this case on February 23, 2009. The surveillance video and digital recording submitted constitute over an hour of materials, and Defendant has not pinpointed the testimony that Defendant would like this Court to judicially notice. Further, this Court cannot determine, from the materials submitted, whether the state court proceedings involve Defendant Sylvester Warren, III or his co-Defendant Sylvester Warren.

## II.  Judicial Notice

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts, and states as follows:

> **(a) Scope of rule.**  This rule governs only judicial notice of adjudicative facts.
> **(b) Kinds of facts.**  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
> **(c) When discretionary.**  A court may take judicial notice, whether requested or not.
> **(d) When mandatory.**  A court shall take judicial notice if requested by a party and supplied with the necessary information.
> **(e) Opportunity to be heard.**  A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.  In the absence of prior notification, the request may be made after

> judicial notice has been taken.
> **(f) Time of taking notice.** Judicial notice may be taken at any stage of the proceeding.

Fed.R.Evid. 201.

The Eleventh Circuit interpreted Federal Rule of Evidence 201 in <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994), a case concerning judicial notice of court orders, among other things. In <u>Jones</u>, the court held:

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, <u>Federal Practice and Procedure: Evidence</u> § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. <u>Id</u>. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. <u>Id</u>. at 256-57 (footnote omitted). Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury. <u>Id</u>. at 485. <u>Accord</u> <u>United States v. Aluminum Co. of America</u>, 148 F. 2d 416, 446 (2d Cir. 1945)(L. Hand, J.). . . . It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Accordingly, a court may take judicial notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation.

**A.   The Surveillance Video**

This Court has evaluated the surveillance video, which depicts a shooting at a convenience store.  This Court has no way to verify the accuracy of the surveillance video, and this Court is not able to identify any of the individuals depicted in the surveillance video.  This Court denies the motion as to the surveillance video of the shooting.  The surveillance video is not an adjudicative fact.  The surveillance video and its contents are subject to reasonable dispute, and they are neither "generally known within the territorial jurisdiction of the trial court" nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201.

**B.   The Evidentiary Hearing**

As noted, the Eleventh Circuit permits judicial notice of another court's order for the limited "purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."  Jones, 29 F.3d at 1553.  This Court will take judicial notice that an evidentiary hearing concerning bond and pretrial detention was held on October 17, 2006, in the aforementioned state court case.[1]  However, this

---

[1] This Court has taken the time to listen to the recording of the evidentiary hearing several times.  While the prosecutor and

Court will not take judicial notice of the testimony presented during that hearing, the exhibits tendered at the hearing, the arguments of the lawyers, or the rulings of the state court judge. As such, the motion is granted in part and denied in part as to the request to take judicial notice of the evidentiary hearing.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Sylvester Warren, III's Motion to Take Judicial Notice (Doc. # 297) is **GRANTED IN PART AND DENIED IN PART** as specified above.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>4th</u> day of February 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

the defendant's attorney made detailed arguments concerning pretrial detention in the state court, at the end of the hearing, the state court judge did not make a ruling on whether the defendant would be detained or released on bond. This Court was not apprised of the name of the state court judge, and was not apprised of the state court judge's ruling on the issue of pretrial detention.

5